UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRAN SAMPSON,                   : | |
|       Plaintiff,           : | |
|                               : | |
|    v.                              : | Case No. 3:15-cv-359 (SRU) |
|                               : | |
| ANTHONY PIA, et al.,             : | |
|       Defendants.          : | |

INITIAL REVIEW ORDER

The plaintiff, Tyran Sampson, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988. The complaint was received on March 6, 2015, and Sampson's motion to proceed *in forma pauperis* was granted on March 24, 2015. Sampson names as defendants Police Officers Anthony Pia and Tanya Oritz in their individual and official capacities. Sampson contends that his rights under the Fourth, Eighth and Fourteenth Amendments have been violated. Specifically, he asserts federal claims for racial profiling, false arrest and malicious prosecution, as well as state law claims for assault and battery.

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds

upon which they are based, and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. However, *pro se* documents are liberally construed and interpreted to raise the strongest arguments they suggest. *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

I.      Allegations

On June 10, 2012, Sampson was a passenger in a car driven by his brother. An unmarked police car pulled up behind them and turned on its lights and siren. Sampson's brother thought he was being racially profiled and targeted. He drove away from the police. After a few minutes, Sampson's brother hit a guard rail. He stopped the car and ran away from the scene.

Sampson remained in the car. Officer Pia approached the car and began to manhandle Sampson without giving him any verbal orders. Officer Pia hit Sampson in the face with his service revolver, temporarily knocking him unconscious. Officer Pia also beat Sampson about the neck and upper torso. When he regained consciousness, Sampson asked the defendants what he had done. Officer Ortiz told him to shut up.

Sampson was taken to St. Francis Hospital where his injury was treated. Sampson was charged with assault on a police officer. At trial, the defendants conceded that the Sampsons were incorrectly identified in response to a dispatch call. Sampson was found not guilty.

II.     Analysis

Sampson asserts claims pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988 for violation of his rights under the Fourth, Eighth and Fourteenth Amendments, as well as state law claims for assault and battery.

        A.      <u>Sections 1985 and 1986</u>

To state a cognizable claim for conspiracy pursuant to section 1985(3), Sampson must allege five elements: (1) a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of equal protection of the laws; (3) actions by the defendants in furtherance of the conspiracy; (4) injury or deprivation of a right that resulted from the defendants' actions; and (5) class-based animus. *See Little v. City of New York*, 487 F. Supp. 2d 426, 441 (S.D.N.Y. 2007). The complaint must contain more than conclusory allegations; it must include specific instances of misconduct. *See Ciambrello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002).

"Under the 'intracorporate conspiracy" doctrine, the officers, agents and employees of a single corporate entity, each acting within the scope of her employment, are legally incapable of conspiring together." *Little*, 487 F. Supp. 2d at 441-42 (internal quotation marks and citations omitted). If, however, the individuals are motivated by an independent personal stake in achieving the corporate entity's goals, the doctrine does not apply. *See id.*

In this case, Sampson's section 1985 conspiracy claim is dismissed under the intracorporate conspiracy doctrine. He alleges only that the defendants, both Hartford police officers, conspired to violate his constitutional rights. All Hartford police officers, however, are part of one corporate entity, the City of Hartford. *See id.* at 442 (applying intracorporate conspiracy doctrine to bar conspiracy claim against New York police officers). The plaintiff alleges no facts suggesting that either defendant had a personal stake in his arrest or prosecution. Thus, the section 1985(3) conspiracy claim is barred by the intracorporate conspiracy doctrine and is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

A section 1986 claim must be based on a valid section 1985 claim. *See Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000), *overruled in part on other grounds by Gonzaga*

*Univ. v. Doe*, 536 U.S. 273 (2002). Because I dismissed the section 1985 claim, the section 1986 claim must be dismissed as well.

  B.  Section 1988

Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil rights cases in conformity with federal law or, "where federal law is unsuited or insufficient 'to furnish suitable remedies,'" in accordance with "principles of the common law, as altered by state law, so long as such principles are not inconsistent with the Constitution and laws of the United States." *Moor v. Alameda Cnty.*, 411 U.S. 693, 702-03 (1973) (citing 42 U.S.C. § 1988). Section 1988(a) does not provide an independent cause of action. *See id.* at 702-06. Section 1988(b) provides for award of attorneys' fees. As a *pro se* litigant, Sampson is not entitled to attorneys' fees under section 1988. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991). The section 1988 claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

  C.  Eighth Amendment

The Eighth Amendment protection against cruel and unusual punishment applies only after conviction. *See Whitley v. Albers*, 475 U.S. 312, 318 (1986). Because Sampson was not convicted of any charges relating to this complaint, any Eighth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). To the extent Sampson's Eighth Amendment claims relate to the alleged use of force by the defendants in connection with Sampson's arrest, however, those claims are construed as excessive force claims under the Fourth Amendment.

  D.  Official Capacity

Sampson names the defendants in their individual and official capacities. A suit against a police officer in his or her official capacity is, in essence, a suit against the city for which he or she works. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (noting that suit against municipal

official in his official capacity was a suit against the municipality because liability for any judgment would rest with the municipality).

To support a claim for municipal liability, Sampson must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right.  *See Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Sampson has described only one incident.  He alleges no facts showing a policy or custom of racial profiling or falsely arresting and maliciously prosecuting citizens.  Accordingly, there is no factual basis for a claim against the defendants in their official capacities.  Those claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

ORDERS

The court enters the following orders:

(1)     All claims filed pursuant to 42 U.S.C. §§ 1985(3), 1986 and 1988, all claims for violation of the Eighth Amendment and all claims against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  This case will proceed on the federal claims of false arrest, malicious prosecution, excessive force and racial profiling and the state law claims for assault and battery against the defendants in their individual capacities.

(2)     **The Clerk shall** effect service of the complaint on defendants Pia and Ortiz by mailing waiver of process request packets to these defendants in their individual capacities c/o the Hartford Police Department, 50 Jennings Road, Hartford, CT 06120, within **twenty-one (21) days** from the date of this order.  The Clerk shall report to the court on the status of those waiver requests on the thirty-fifth day after mailing.  If either defendant fails to return a signed waiver

of service of summons, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)   The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date of the request for waiver of service of summons is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(4)   Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(5)   All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(6)   Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or if the response is not timely, then any dispositive motion can be granted absent objection.

(7)   If the plaintiff changes his address at any time during the litigation of this case, Local Civil Rule 83.1(c)2 provides that the plaintiff **MUST** notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the

notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 6th day of April 2015, at Bridgeport, Connecticut.

      /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge