# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TYRAN SAMPSON,           :
        Plaintiff,           :          No. 3:15-cv-359 (SRU)
                              :
        v.                  :
                              :
ANTHONY PIA, et al.,       :
        Defendants.      :

## RULING ON MOTION TO AMEND DEPOSITION

Tyran Sampson has filed a motion in which he seeks permission to amend his deposition. In support of his request, he states that he has reviewed his deposition transcript and realizes that his statements and answers were incomplete and not accurate. Sampson also states that he was coerced into answering questions to "their" liking and tricked to withdraw certain claims. As a result, Sampson requests that he be deposed again.

Under Rule 30(e) of the Federal Rules of Civil Procedure, a party who has been deposed is permitted to review the transcript of the deposition and submit an "errata sheet" identifying the portions of the transcript that are inaccurate. The errata sheet must be submitted within thirty days of the transcript being made available to the deponent and must state the reasons for making any changes to the transcript. Fed. R. Civ. P. 30(e)(1). The proposed changes will then be appended to the deposition transcript and may be made available for use at trial. Fed. R. Civ. P. 30(e)(2).

Though Sampson was permitted to submit an errata sheet within thirty days of being provided with the transcript of his deposition, I am aware of no procedural mechanism that

would permit me to order the defendants to retake Sampson's deposition.  I might add that, even if a new deposition were taken, it is well-settled that a plaintiff "cannot defeat a summary judgment motion by responding with affidavits recanting . . . earlier testimony."  *Margo v. Weiss*, 213 F.3d 55, 60-61 (2d Cir. 2000) (internal citations omitted).  In other words, a plaintiff cannot avoid summary judgment by disputing factual admissions or concessions made in his or her deposition.  *See id.*  Nor can a plaintiff dispute factual admissions "by submitting errata sheets long after [his or her] deposition[] was taken, or by filing 'supplemental answers' to interrogatories."  *Id.* at 61 (internal footnote omitted).

To the extent that Sampson wishes to submit an errata sheet that identifies portions of the transcript that inaccurately reflect his sworn testimony on the date of his deposition, Sampson may do so within thirty days of this order.  What Sampson may not do is submit an errata sheet that attempts to contradict his prior sworn testimony.  Nor can Sampson use an errata sheet to make objections to the manner in which opposing counsel conducted the deposition.  *Maynard v. Stonington Cmty. Ctr.*, 2016 WL 2869740, at *2 (D. Conn. May 17, 2016).

Regardless of whether Sampson submits an errata sheet, he should be aware that the factual statements made at his deposition will remain in the record and may be used in support of the defendants' pending motion for summary judgment (and, if necessary, at trial).  *See Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) ("[T]he original answer to the deposition questions will remain part of the record and can be read at the trial.").

For the foregoing reasons, Sampson's motion to amend his deposition (doc. # 52) is denied.  Sampson may submit an errata sheet within thirty days of the date of this order.

**SO ORDERED** this 12th day of September 2016 at Bridgeport, Connecticut.

2

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge